UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

CHANDRAJEET PADHY and OSAMA KHALEEL                    Index # 17-3211

                                                                 Plaintiff,

-against-                                                                                                          COMPLAINT

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT, SGT. CONA,
AND OFFICERS JOHNS DOE

                                                               Defendants,
-------------------------------------------------------------------------------x

       Plaintiffs in this action were, with the knowledge and consent of the MTA, distributing leaflets protected by the First Amendment to the Constitution of the United States. Plaintiffs were arrested and humiliated by the police based on the animus of the police toward the Plaintiffs' religion. This action is brought pursuant to 42 U.S.C.A. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution;

       Plaintiffs also assert State claims for religious discrimination pursuant to New York State Constitution Article I § 3. Plaintiffs also make state law claims of assault and battery and malicious prosecution.

       Plaintiffs, Chandrajeet Padhy and Osama Khaleel, as and for a Complaint against the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY

POLICE DEPARTMENT, SGT. CONA, AND OFFICERS JOHNS DOE, allege, upon information and belief as follows:

## PARTIES AND JURISDICTION

1. At the time of the commencement of this action and at all times hereinafter mentioned, Plaintiffs, CHANDRAJEET PADHY and OSAMA KHALEEL reside in the County of Kings and State of New York.

2. Defendants Seargent Cona, and police officers Johns Doe are now, and at all times mentioned in this complaint were, duly appointed and acting police officers of defendant State of New York.

3. Defendant New York City Police Department is now, and at all times mentioned in this complaint was, a branch of a municipal corporation existing by virtue of the laws of the State of New York and located in Kings County.

4. Defendant City of New York is now, and at all times mentioned in this complaint was, a municipal corporation existing by virtue of the laws of the State of New York and located in Kings County.

### Jurisdiction and Venue

5. This court has jurisdiction of the action pursuant to 28 U.S.C.A. §§ 1331 and 1367.

6. Venue is proper under 28 U.S.C.A. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted here occurred within this district.

## SUMMARY OF THE CASE

1. Plaintiffs are members of an Islamic religious group that engages in protected speech, teaching passers-by about Islam, with the goal of promoting peace and understanding between cultures. Typically, the members of the group stand on street corners but over the winter they sought a populous indoor location to conduct their activities.

2. On February 28, 2016 one of the members of the group emailed the MTA to ask for permission to engage in its activities in the Atlantic Terminal. The MTA's response was: "We appreciate your interest in New York City Transit. According to MTA New York City Transit Rules of Conduct, Section 1050.6c, the distribution of written non-commercial materials is permitted provided they do not impede transit activities… We expect that police officers will continue to use their discretion when they issue summonses…"

3. Plaintiffs, believing that their activity was permitted, based on that email, entered the station, found a spot that would not block traffic, and began distributing leaflets and other information.

4. Shortly thereafter, Police Sargent Cona arrived, and ordered the Plaintiffs to pack up and leave. Plaintiffs protested that they were engaging in permitted activity, but Sgt. Cona said "I am the law here," and later, "I know about you guys"—meaning Muslims.

5   This is precisely the type of abuse of discretion by the police that the First and Fourth Amendments were meant to protect against.

6   Plaintiffs attempted to inform Sgt. Cona that such non-commercial activities are authorized at locations aside from the Pennsylvania LIRR station by showing him the policy and regulation documentation.

7   Sgt. Cona snatched the LIRR policy and regulation documentation from Mr. Padhy's hand.

8   Mr. Padhy took out his phone, and another police officer snatched the Mr. Padhy's phone away.

9   The police officers handcuffed the Plaintiffs.

10  The police officers took the Plaintiffs to the police station, where the officers proceeded to take all their attendant belongings.

11  Plaintiffs were both placed in cells by the police officers, and were kept there for about one hour.

12  Plaintiffs experienced a great deal of humiliation during this time.

13  Both Plaintiffs are of the Muslim faith, and when prayer time came, they requested to be moved to a cleaner location to pray, as the cells were filthy.

14  However, the police officers told Plaintiffs to pray next to the toilets, which had not been flushed or cleaned.

15  Plaintiffs were forced to pray standing up, so as to not touch the floor covered in filth.

16 Plaintiffs repeatedly asked the police officers why they were being detained, and why their belongings were being searched, but they were ignored.

17 Plaintiffs never consented to a search, but the police officers conducted an unauthorized search of the pants and shirt pockets of Plaintiffs.

18 Plaintiffs believe that the NYPD may have examined the contents of their cell phones without consent or a warrant.

19 The severe emotional pain that has resulted from the discriminatory treatment of Plaintiffs has caused him excessive emotional distress, recurrent, unwanted thoughts, anxiety, embarrassment, and trouble sleeping.

20 Plaintiffs were given summonses for "noncommercial activity", 1097.5(q) of the Rules and Regulations Governing The Conduct and Safety of The Public and Use of The Long Island Rail Road Company Terminals, Stations and Trains.

21 To address the charges, Plaintiffs hired an attorney to represent them, and were forced to make 3 appearances in criminal court in Manhattan and Brooklyn before the charges were dismissed.

22 Plaintiffs were both forced to miss work to respond to the charges, and Mr. Khaleel missed a day of work for which he was not paid.

## AS AND FOR A FIRST CAUSE OF ACTION

### I. 42 U.S.C.A. § 1983; Deprivation of Rights Under Color of Law

23 Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

24 As described in the preceding paragraphs, the conduct of Defendants Police Seargent Cona toward Plaintiff constituted deprivation of Plaintiffs' free speech rights in violation of the United States Constitution.

25 Plaintiffs were prevented from engaging in a protected speech act.

26 Plaintiffs were singled out for arrest on the basis of their race and religion.

27 Plaintiffs were arrested without a warrant or probable cause, and had their persons and property searched unreasonably.

28 The misconduct described in this Count was objectively unreasonable and was undertaken intentionally in willful violation of Plaintiff's constitutional rights.

29 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30 The misconduct described in this Count was undertaken pursuant to the policy and practice of the NYPD in that:

5 (a)As a matter of both policy and practice, the NYPD directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

(b)As a matter of both policy and practice, the NYPD facilitates the very type of misconduct at issue here by failing to adequately punish and discipline

prior instances of similar misconduct, thereby leading NYPD Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, NYPD Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

(c) Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the NYPD abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the NYPD makes findings of wrongdoing in a disproportionately small number of cases;

(d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the NYPD, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

(e) Defendant City of New York has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

(f) As a matter of express policy, Defendant City of New York does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing Defendant City of

New York from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

(g) The application of the rule under which the Plaintiffs were arrested is vague, and the policies of the City of New York leave such unsupervised discretion to its agents that it invites discriminatory abuse.

## II. 42 U.S.C.A. § 1983; Failure To Intervene

31 Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

32 One or more of the Defendant Officers had a reasonable opportunity to prevent another Officer from using excessive force against Plaintiff had they been so inclined, but they failed to do so.

33 As a result of the Defendant Officers' failure to intervene, Plaintiff suffered emotional distress.

34 The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

35 The misconduct described in this Count was undertaken pursuant to the policy and practice of the NYPD in the manner described more fully above.

36 The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Defendant City of New York, is liable for their actions.

### III. State Law Claim Of Assault and Battery

37 Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

38 As the arrest made by the Defendant Police Officers was a clearly unreasonable violation of the constitutional rights of the Plaintiffs, the physical humiliations of handcuffing and arrest are harmful and offensive physical contact.

39 As described more fully in the preceding paragraphs, the actions of Defendants Police Officers Johns Doe created a reasonable apprehension of imminent harm in Plaintiffs.

40 As a result of the actions of Defendants Police Officers Johns Doe, Plaintiff sustained emotional injuries.

41 The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

42 The misconduct described in this Count was undertaken by Defendants Police Officers Johns Doe within the scope of their employment such that their employer, Defendant the City of New York, is liable for their actions.

### IV. 42 U.S.C.A. § 1983; Conspiracy To Deprive Constitutional Rights

43 Each of the Paragraphs of this Complaint is incorporated as if restated fully here.

44 Prior to the time of the constitutional injuries suffered by Plaintiff in this case, the Defendant Officers, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

45 In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

46 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47 As a proximate result of the conspiracy, Plaintiffs suffered financial damage, as well as severe emotional distress and anguish.

48 The misconduct described in this Count was undertaken pursuant to the policy and practice of the NYPD in the manner described more fully in preceding paragraphs.

## V. State Law Claim Of Respondeat Superior

49 Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

50 In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the NYPD acting at all relevant times within the scope of their employment.

51 Defendant City of New York is liable as principal for all torts committed by its agents.

## VI. State Law Claim Of Indemnification

52 Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

53 New York State law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

54 The Defendant Officers are or were employees of the NYPD, who acted within the scope of their employment in committing the misconduct described here.

## VII. State Law Claim For Malicious Prosecution

55 Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

56 The elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice.

57 Plaintiffs were arrested, summonsed, and brought before the court on three occasions.

58 The charges against the Plaintiffs were ultimately dismissed.

59 There was no probably cause for the arrest.

60 The arrest was made on the basis of animus toward the Plaintiffs' religion, i.e. with malice.

WHEREFORE, Plaintiff prays that after a hearing on the matters alleged herein, the Court will grant the following relief:

A. Issue a declaratory judgment declaring that the wrongs complained of herein violate the rights of Plaintiffs guaranteed by the First Amendment to the Constitution of the United States, the Fourth Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, and upon the claims based upon the laws of the State of New York,

B. Judgment granting equitable relief directing that Defendant cease and desist from their discriminatory activity,

C. Award Plaintiffs compensatory and punitive damages.

D. Retain jurisdiction of this action for a sufficient time to ensure full compliance with the equitable relief requested herein.

E. Award Plaintiffs their costs incurred in this case, together with reasonable attorneys' fees and expenses and expert fees, pursuant to 42 U.S.C. §§ 1988.

F. Grant Plaintiffs such additional and further relief as the Court may deem just and equitable under the circumstances.

Dated: New York, New York

May 27, 2017

*[signature]*

T. Austin Brown, Esq.
*Attorney for the Plaintiffs*
349 5th Avenue #720
New York, NY 10016
917-716-6537
austin@austinbrownlaw.com